IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER VILLELLA,** § | | |
| Plaintiff § | | |
| § | | |
| V. § | CIVIL ACTION NO.  6:14-CV-409-WSS | |
| § | | |
| **CITY OF HARKER HEIGHTS,** § | | |
| **TEXAS, Defendant** § | | |

# NOTICE OF REMOVAL

TO THE HONORABLE WALTER S. SMITH, JR.:

COMES NOW, the City of Harker Heights, Defendant in the above-entitled and numbered cause, and makes and files this Notice of Removal of the above-styled cause from state court to this Court and in support thereof would respectfully show the court as follows:

**I.**

This action was commenced by way of Plaintiff's Original Petition, filed with the District Court for the 146th Judicial District, Bell County, Texas, in Cause No. 272,743-B on September 15, 2014.  True and correct copies of all process, pleadings, and orders served upon the Defendant are attached hereto as Exhibit 1 (Plaintiff's Original Petition) and Exhibit 2 (Citation), as required by 28 U.S.C. §1446(a).

**II.**

The Defendant first received a copy of Plaintiff's Original Petition on September 18, 2014.  Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b) within thirty days of receipt of the initial pleading setting forth the claim for relief.

### III.

Removal is sought based on federal question jurisdiction. Plaintiff has sued under the Fair Labor Standards Act (29 U.S.C. § 201 et. Seq.). The above described action is one in which this Court has subject matter jurisdiction under the provisions of 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. § 216, and is one which may be removed to this Court by the Defendant pursuant to the provisions of 28 U.S.C. § 1441 (a). *See also Bruer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003) (an action under the Fair Labor Standards Act may be removed to federal court). This Court has pendant jurisdiction over Plaintiff's non-FLSA claims.

### IV.

Pursuant to 28 U.S.C. § 1446(d) the Defendant will provide the adverse party written notice of the filing of this Notice of Removal and will file a copy of this Notice of Removal with the Clerk of the District Court of Bell County, where the action is currently pending.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant prays that this action be removed and filed among the causes of the United States District Court for the Western District of Texas, Waco Division.

Respectfully submitted,

**HALEY & OLSON, P.C.**
510 North Valley Mills Drive, Suite 600
Waco, Texas 76710
Telephone:   (254) 776-3336
Telecopier:   (254) 776-6823

By: _/s/ Charles D. Olson_
CHARLES D. OLSON
State Bar No. 15273200
MICHAEL W. DIXON
State Bar No. 05912100
ATTORNEYS FOR DEFENDANT

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the foregoing instrument was served on the 14th day of October, 2014, to the following counsel of record in accordance with the Texas Rules of Civil Procedure:

      Matt Bachop
      DEATS DURST OWEN & LEVY PLLC
      1204 San Antonio St., Suite 203
      Austin, TX 78701
      Email: mbachop@ddollaw.com

      /s/ *Charles D. Olson*
      CHARLES D. OLSON

Filed 9/15/2014 5:02:39 PM
Shelia Norman, District Clerk
District Court - Bell County, TX
by_____, Deputy
Lacey Martindale

NO. 272,743-B

| | | |
|---|---|---|
| CHRISTOPHER VILLELLA, | § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| v. | § § | BELL COUNTY |
| CITY OF HARKER HEIGHTS, TEXAS, | § § | |
| Defendant. | § § | 146TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THE COURT:

Comes now Plaintiff, Christopher Villella, by and through his attorney of record, and complains of the City of Harker Heights, Texas. In support of his complaint, Plaintiff states the following:

### I. DISCOVERY LEVEL

Plaintiff intends that discovery in this case be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 190.3.

### II. REQUESTS FOR DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2 of the Texas Rules of Civil Procedure.

### III. PARTIES

Plaintiff Christopher Villella is an individual and Texas resident who was employed by Defendant at all times relevant to this suit. Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e).

Defendant City of Harker Heights, Texas, is a municipal corporation operating within its geographical boundaries in Bell County, Texas. Defendant is a "public agency" as defined by 29 U.S.C. § 203(x) and an "employer" as defined in 29 U.S.C. § 203(d). Defendant may be served with process by serving its Mayor, Rob Robinson, at 921 Cottonmouth Drive, Harker Heights, Bell County, Texas 76548, or wherever he may be found.

## IV. JURISDICTION AND VENUE

The Court has jurisdiction over the case pursuant to TEX. CONST. art. V, § 8; TEX. GOV'T CODE §§ 24.007–24.008; and 29 U.S.C. § 216. Venue is proper in this Court pursuant to TEX. CIV. PRAC. & REM. CODE § 15.002.

## V. FACTUAL ALLEGATIONS

Defendant is subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219. During the time period relevant to this suit, Plaintiff was an "employee" of Defendant as that term is defined in 29 U.S.C. § 203(e). Plaintiff worked as a police officer in the canine unit of the Harker Heights Police Department. During the time period relevant to this suit, Defendant was an "employer" as defined in 29 U.S.C. § 203(d).

While employed by Defendant, Plaintiff was required to regularly work off-duty providing care for the canine assigned to him, including feeding, grooming, exercising, socializing, toileting, and medical care, among other tasks. This off-duty work regularly caused Plaintiff to work hours in excess of 40 per week for Defendant. Throughout Plaintiff's employment with Defendant, Defendant refused to pay, and continues to refuse to pay, Plaintiff compensation for time spent working off-duty providing care to the canine assigned to Plaintiff by Defendant. This includes a refusal on Defendant's part to pay Plaintiff at one and one-half his regular rate of pay for hours worked in excess of 40 each week.

## VI. FIRST CAUSE OF ACTION

By requiring Plaintiff to work off-duty providing care for the canine assigned to Plaintiff by Defendant without compensating Plaintiff at his regular or overtime rate for those hours, Defendant violated Plaintiff's rights under the FLSA, including but not limited to 29 U.S.C. §§ 206–207 and 29 C.F.R. §§ 785.6–785.7. Defendant's FLSA violations were willful, thus entitling Plaintiff to the three-year statute of limitations under 29 U.S.C. § 255(a).

## VII. SECOND CAUSE OF ACTION

By requiring Plaintiff to work off-duty providing care for the canine assigned to Plaintiff by Defendant without compensating Plaintiff at his regular or overtime rate for those hours, Defendant violated Plaintiff's rights under TEX. LOC. GOV'T CODE § 142.0015(h) to be paid for overtime hours at the rate of "1-1/2 times the compensation paid to the officer for regular hours."

## VIII. PRAYER FOR RELIEF

Wherefore, premises considered, Plaintiff respectfully requests that Defendant be cited to appear and answer herein, and upon hearing, that the Court award Plaintiff the following relief:

A.  Declare that Defendant has violated the Fair Labor Standards Act, specifically 29 U.S.C. §§ 206–207, and TEX. LOC. GOV'T CODE § 142.0015(h) by failing to compensate Plaintiff at the appropriate regular or overtime rate for the time spent working off-duty providing care to the canine assigned to Plaintiff by Defendant.

B.  Declare that Defendant's Fair Labor Standards Act violations were willful.

C.  Order Defendant to pay Plaintiff back pay at his regular or overtime rate, as appropriate, for each uncompensated hour spent working off-duty providing care for the canine assigned to Plaintiff by Defendant.

D.  Order Defendant to pay Plaintiff liquidated damages in an amount equal to the

back pay awarded to Plaintiff.

    E.    Order Defendant to pay Plaintiff's reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

    F.    Order Defendant to pay pre-judgment interest at the highest lawful rate for all amounts awarded against Defendant for which pre-judgment interest is legally available.

    G.    Order Defendant to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against Defendant.

    H.    Order such other relief, whether legal or equitable, to which Plaintiff is entitled.

Respectfully submitted,

DEATS DURST OWEN & LEVY, PLLC

/s/ Matt Bachop
Matt Bachop
TBN: 24055127
mbachop@ddollaw.com
1204 San Antonio St., Suite 203
Austin, Texas 78701
(512) 474-6200
FAX (512) 474-7896

Attorney for Plaintiff

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE & CORRECT COPY
OF THE ORIGINAL ON FILE

OCT 14 2014

SHELLEY NORMAN
DISTRICT CLERK, MCLENNAN CO., TX
BY: _____ DEPUTY




Server Constable

# THE STATE OF TEXAS
## CITATION
### Cause No. 272743 - 0

ORIGINAL

**To**
CITY OF HARKER HEIGHTS TEXAS
MAYOR ROB ROBINSON
921 COTTONMOUTH DR
HARKER HEIGHTS, TEXAS 76548

**Defendant,** in the hereinafter styled and numbered cause:
You are hereby commanded to appear by filing a written answer to the **PLAINTIFF'S ORIGINAL PETITION** at or before 10:00 a.m. on the first Monday following the expiration of twenty (20) days from the date of service hereof, with the clerk of the **146TH DISTRICT COURT**, Bell County, Texas, to be held at the Bell County Justice Complex Building, District Courts in Belton, Texas, a copy of which accompanies this citation, in the cause number **272743 - 0**, styled

> CHRISTOPHER VILLELLA
> VS
> CITY OF HARKER HEIGHTS TEXAS

filed in said court on September 15, 2014.

This was issued at the request of attorney: MATT BACHOP, 1204 SAN ANTONIO ST SUITE 203 AUSTIN, TEXAS 78701.

**NOTICE TO Defendant:** *You have been sued. You may employ an attorney. If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 AM on the first Monday following the expiration of twenty (20) days after you were served this citation and petition, a default judgment may be taken against you.*

Witness, Shelia Norman, District Clerk of Bell County, Texas.

Issued and given under my hand and seal of said Court at office in Belton, Texas, on September 16, 2014.

**Shelia Norman, District Clerk**
Bell County, Texas
1201 West Huey Road
P.O. Box 909
Belton, Texas 76513
By: _____ Deputy Clerk
      DUNIVESA

FILED 2014 SEP 19 A 9:49

RECEIVED
SEP 17 '14 AM 10:05
CONSTABLE PRECINCT 4
BELL COUNTY, TEXAS

EXHIBIT 2

bdc_cit

  

272743

## CITATION RETURN OF SERVICE

Cause No. 272743 - 0

**CHRISTOPHER VILLELLA**
VS
**CITY OF HARKER HEIGHTS TEXAS**

IN THE
146TH DISTRICT COURT
BELL COUNTY, TEXAS

**ADDRESS FOR SERVICE:**
CITY OF HARKER HEIGHTS TEXAS
MAYOR ROB ROBINSON
921 COTTONMOUTH DR
HARKER HEIGHTS, TEXAS 76548

### OFFICER'S RETURN

Came to hand on the __17__ day of __September__, 20__14__, at __1005__, o'clock __A__.m., and executed in __Bell__ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the **PLAINTIFF'S ORIGINAL PETITION** at the following times and places, to-wit:

Name: Rob Robinson    Date/Time: 9-18-14 1:43pm    Place, Course and Distance from Courthouse: 921 Cottonmouth, Harker Heights

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: _____

and the cause or failure to execute this process is: _____

and the information received as to the whereabouts of said defendant(s) being: _____

**FEES:**
Serving Petition and Copy  $ _____
Total                       $ 70 —

Constable Edd Merton III ~~Officer~~
__Bell__, County, Texas
By: __Dominguez__, Deputy

Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.**
In accordance with TRCP Rule 107; the officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under penalty of perjury must contain the statement below in substantially the following form:

"My name is _____, my date of birth is _____, and my address is
     (First, Middle, Last)
_____."
            (Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.
Executed in _____ County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # & expiration of certification)

bdc_cit

SEP 17 '14 AM 10:05

CERTIFIED COPY
DOCUMENT ATTACHED IS A
TRUE & CORRECT COPY
OF THE ORIGINAL ON FILE

OCT 14 2014

SHERRI E. NORMAN
DEPUTY